IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARY ADAM MILLER,               :
                                :
    Petitioner                  :
                                : CIVIL NO. 4:10-CV-0051
                                :
    v.                          : (Judge McClure)
                                :
MARIROSA LAMAS, *et al.*,       :
                                :
    Respondents                 :

**MEMORANDUM and ORDER**

June 23, 2010

Petitioner Gary Adam Miller ("Petitioner" or "Miller"), an inmate presently confined at the State Correctional Institution at Rockview ("SCI-Rockview") in Bellefonte, Pennsylvania, commenced this *pro se* action by filing a petition for writ of habeas corpus ("petition") pursuant to the provisions of 28 U.S.C. § 2254. He challenges his 2001 conviction in the Perry County Court of Common Pleas following his entry of a guilty plea.

On March 3, 2010, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), we issued a formal notice to Miller that he either could have his petition ruled on as filed, or withdraw it and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Rec.

Doc. No. 5.)

On April 20, 2010, Miller filed his notice of election indicating that he chose to have the Court rule on his petition as filed. (Rec. Doc. No. 6.) Accordingly, by Order dated April 21, 2010, service of the petition was directed, and Respondents were directed to file a response within twenty-one (21) days. (Rec. Doc. No. 8.) Following a request for an extension of time, which was granted, on June 8, 2010, Respondents filed a response (Rec. Doc. No. 14) and supporting exhibits (Rec. Doc. No. 15).

Presently before the Court are Miller's motions for discovery (Rec. Doc. No. 16) and for an extension of time to file a reply brief (Rec. Doc. No. 18). These motions are disposed of below.

## I.     MOTION FOR DISCOVERY

Requests for discovery in the context of a habeas corpus action are governed by Rule 6 of the Rules Governing Section 2254 Cases ("Habeas Corpus Rules"). According to Rule 6(a), a party is not automatically entitled to discovery; rather a judge may grant discovery only upon a showing of good cause. Rule 6(a), Habeas Corpus Rules. In *Harris v. Nelson*, 394 U.S. 286, 300 (1969), the Court stated that, "[w]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to

provide the necessary facilities and procedures for an adequate inquiry." 394 U.S. at 300. Rule 6 of the Habeas Corpus Rules is meant to be "consistent" with *Harris*. *See Bracy v. Gramley*, 520 U.S. 899, 909 (1997) (citing Advisory Committee's Note on Habeas Corpus Rule 6, 28 U.S.C., p. 479.).

In his motion, Miller acknowledges that discovery is not available as a matter of course in habeas proceedings. Nevertheless, Miller requests that this Court enter an Order directing Respondents to produce a nine (9) page letter that Miller wrote to the Perry County Court of Common Pleas judge who sentenced him. (Rec. Doc. No. 16.) He claims that, in the letter, he informed the judge that it was up to the court if he had to accept the plea, but he would rather have "an open plea of lesser time"; that he asked the judge to talk to the District Attorney; and that he recalls "stating his innocence in the form of duress." (*See id.* ¶ 1.) Miller submits that the letter is "vital" to this action because it proves that he was rejecting the plea agreement, did not understand the proceedings, and was incompetent. (*See id.* ¶¶ 2-3.)

Miller claims that the letter was referred to during his June 15, 2001 guilty plea proceedings and attaches a one (1) page excerpt from the transcript of those proceedings which he claims contains the reference. (*See id.* ¶ 4; Ex. A.) However, the excerpt of the transcript does not contain any reference to a letter. (*See id.* Ex. A.) The entire transcript from the June 15, 2001 proceedings is among the papers filed

3

with the response to the petition, and a review of that transcript reveals that no reference to a letter was made during the guilty plea proceedings. (*See* Rec. Doc. No. 15-5 at 29-37.)

However, a review of the papers that have been submitted on this record reveals that Miller submitted a letter to the sentencing judge *after* he entered his guilty plea. The Commonwealth's brief submitted to the Pennsylvania Superior Court in Miller's direct appeal proceedings makes the following reference to the letter:

> Following the guilty plea hearing, the Court directed the preparation of a pre-sentence investigation report . . . In connection with the pre-sentence investigation report, the Defendant wrote a nine page hand-written letter to the trial court, which was received and reviewed before the imposition of sentence. The letter recites the Defendant's version of his personal history and character, and facts establishing his criminal culpability. The letter does not assert the Defendant's innocence. Instead, it states: 'What I prayed for is that you will be able to get the D.A. to agree to open sentencing. I might have a chance at less years then. Or a lesser plea agreement. Maybe a 10-15.'

(Rec. Doc. No. 15-6 at 6, Commonwealth's Brief.) The Pennsylvania Superior Court's Memorandum Opinion affirming Miller's judgment of sentence contains the following reference to the letter in explaining its dismissal of his claim that his guilty plea colloquy was defective:

> In the present case, Miller is a high school graduate who was deemed to be competent and able to assist in decisions regarding his defense. He was represented by counsel prior to and throughout his guilty plea. He expressed at the colloquy that he desired to plead guilty in order to save the victims of his crimes the additional trauma of a trial. The details of

4

>   the crimes to which he pled guilty were set forth in the information and in the report of the pre-sentence investigation. Miller confessed to the crimes after his apprehension, and, **after his guilty plea, set forth some of the details regarding the offenses in a hand-written letter to the trial court.**

(Rec. Doc. No. 15-15 at 8, 4/24/02 Pa. Super. Ct. Op.)

It is evident from the papers submitted on this record that the letter Miller asks this Court to direct Respondents to produce was filed after he already had entered his guilty plea. Thus, Miller has not demonstrated that the letter would serve as proof in support of his claim for relief in this Court that he rejected his plea agreement, did not understand the proceedings, and was incompetent. Rule 6(a), Habeas Corpus Rules; *Harris*, 394 U.S. at 300. Accordingly, his motion for discovery will be denied.

## II. MOTION FOR EXTENSION OF TIME

Miller requests an extension until June 29, 2010 to file his reply brief. (*See* Rec. Doc. No. 18.) He explains that he requires additional time to prepare an adequate reply. (*See id.*) His motion will be granted. Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion for discovery (Rec. Doc. No. 16) is **DENIED**.

2. Petitioner's motion for an extension of time (Rec. Doc. No. 18) to file a reply brief is **GRANTED**.

3. Petitioner shall file his reply brief on or before June 29, 2010.

s/ James F. McClure, Jr.					
James F. McClure, Jr.
United States District Judge