IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY ADAM MILLER,** | : | **Civil No. 4:10-CV-51** |
| **Petitioner,** | : | **(Judge Conner)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **MARIROSA LAMAS, et al.,** | : | |
| **Respondents.** | : | |

**MEMORANDUM ORDER**

## I. Introduction

This is a *pro se* habeas petition brought by a state prisoner, Gary Miller, challenging his state guilty plea conviction. (Doc. 1) On January 6, 2011, this case was referred to the undersigned for pre-trial management. (Doc. 27.) Upon reviewing this case we noted that, along with his petition, Miller has now filed a motion to stay state post-conviction relief act proceedings pending the completion of this federal case. (Doc. 21.) For the reasons set forth below, we will DENY this request, but will direct the parties to provide the Court with a status update regarding those state proceedings.

## II. Discussion

### A. State Prisoner Habeas Relief–The Legal Standard

A state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> **(A)** the applicant has exhausted the remedies available in the courts of the State;
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir. 2004).

**B. Because Miller is Required to Exhaust His State Remedies a Stay of State Proceedings is Not Appropriate**

Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner " has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the

state courts, federal courts typically will refuse to entertain a petition for habeas corpus. See Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). As the Supreme Court has aptly observed: "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation. Rose v. Lundy, 455 U.S. 509, 518 (1982). Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual record is created to aid the federal courts in their review of a § 2254 petition. Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995). A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts. Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992); Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982). A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed

in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." Parker v.Kelchner, 429 F.3d 58, 63 (3d Cir. 2005).

While this exhaustion requirement compels petitioners to have previously given the state courts, a fair "opportunity to apply controlling legal principles to the facts bearing upon [the petitioner's] constitutional claim," Picard v. Connor, 404 U.S. 270, 276 (1971), this requirement is to be applied in a commonsense fashion. Thus, the exhaustion requirement is met when a petitioner submits the gist of his federal complaint to the state courts for consideration, without the necessity that the petitioner engage in some "talismanic" recitation of specific constitutional claims. Evans, 959 F.2d at 1230-33. Similarly, a petitioner meets his obligations by fairly presenting a claim to the state courts, even if the state courts decline to specifically address that claim. See Dye v. Hofbauer, 546 U.S. 1(2005) (per curiam); Johnson v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2004).

Because of this strong policy favoring exhaustion of state remedies, we will not in this instance frustrate that policy by staying the state post conviction relief act proceedings which are pending the Court of Common Pleas of Perry County. Instead, we urge the parties to continue to move forward with these proceedings. We recognize, however, that in certain cases where the state proceedings are plagued by

extreme and persistent delays, it may be appropriate to excuse this exhaustion requirement. In this regard, it is clear that, to excuse exhaustion of state remedies, a petitioner must point to extensive delays in the state courts that span years. As the United States Court of Appeals for the Third Circuit has aptly observed:

> Under ordinary circumstances, a federal court may not entertain a petition for a writ of habeas corpus unless the petitioner has first presented each of his claims to the state's highest tribunal. See 28 U.S.C. §§ 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16(1982). Exhaustion, however, is not a jurisdictional matter but a matter of comity. See Story v. Kindt, 26 F.3d 402, 405 (3d Cir.1994). Federal courts need not defer to the state judicial process when there is no appropriate remedy at the state level or when the state process would frustrate the use of an available remedy. *Id.*; 28 U.S.C. § 2254(b)(1)(B). We have held that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir.1986). The existence of an inordinate delay does not automatically excuse the exhaustion requirement, but it does shift the burden to the state to demonstrate why exhaustion should still be required. Story, 26 F.3d at 405 (noting that this burden is "difficult to meet").

Lee v. Stickman, 357 F.3d 338, 341 (3d Cir. 2004).

In defining what type of delay constitutes an "inordinate delay" which may justify excusing the exhaustion requirement, the courts have looked at delays of years, not months. Thus, as the appellate court has explained:

> We stated in Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir.1986), that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." In that case, thirty-three months had passed after the petitioner's PCRA filing

> without resolution. Id. This, we found, excused the petitioner's failure to exhaust his state court remedies. Id. at 356. The thirty-three month delay in Wojtczak remains the shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement.

Cristin v. Brennan, 281 F.3d 404, 411 (3d Cir. 2002)(refusing to excuse exhaustion in the face of 27 month delay). See, e.g., Coss v. Lackawanna County Dist. Att'y, 204 F.3d 453, 460 (3d Cir.2000) (en banc) (seven year delay), rev'd on other grounds, 532 U.S. 394 (2001); Story v. Kindt, 26 F.3d 402, 406 (3d Cir.1994) (nine year delay).

In this case, we are not presented by facts which would compel a finding that this exhaustion requirement should be excused. Nor have we been asked to excuse this exhaustion requirement. Therefore, the fact of this delay, standing alone, does not justify granting the Petitioner's request to stay state proceedings in favor of federal litigation.

**C. The Younger Doctrine Also Cautions Against Staying These Proceedings**

In addition to the exhaustion requirements set by federal law, which caution against a stay of state proceedings, this stay request runs afoul of another settled tenet of federal law, the Younger abstention doctrine.

This doctrine is inspired by basic considerations of comity that are fundamental to our federal system of government. As defined by the courts: "Younger abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding. See Younger v. Harris, 401 U.S. 37, 41 (1971) ('[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.')." Kendall v. Russell, 572 F.3d 126, 130 (3d Cir. 2009).

This doctrine, which is informed by principles of comity, is also guided by these same principles in its application. As the United States Court of Appeals for the Third Circuit has observed:

> "A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir.2005) (citing Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). As noted earlier, the Younger doctrine allows a district court to abstain, but that discretion can properly be exercised only when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Matusow v. Trans-

County Title Agency, LLC, 545 F.3d 241, 248 (3d Cir.2008).

Kendall v. Russell, 572 F.3d at 131.

Once these three legal requirements for Younger abstention are met, the decision to abstain rests in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319, 325 (3d Cir. 2004). Moreover, applying these standards, federal courts frequently abstain from hearing matters which necessarily interfere with on-going state criminal cases. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002). Thus, entirely aside from the exhaustion requirement which applies generally to habeas petitioners, the Younger doctrine also cautions against staying these state proceedings.

Consistent with the Younger doctrine, and the exhaustion rule generally applicable to habeas corpus proceedings involving state inmates, we will decline to stay these state proceedings. Nonetheless we are mindful of the delay which has occurred in these proceedings, and recognize the importance of finality in this litigation. Accordingly, we are directing the parties to provide this Court with a status update, detailing the current status of the state PCRA proceedings.

## III. **Conclusion**

For the foregoing reasons, the motion to stay state PCRA proceeding is DENIED, but the parties are directed to file a status report, fully describing the status of these state proceedings, on or before **January 24, 2011**.

So ordered, this 10th day of January, 2011.

***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge