# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY ADAM MILLER,** : | Civil Action No. 4:10-CV-51 |
| **Petitioner,** : | |
| : | **(Judge Conner)** |
| v. : | |
| : | |
| **MARIROSA LAMAS,** *et al.*, : | |
| **Respondents** : | |

## ORDER

AND NOW, this 26th day of July, 2013, upon consideration of the motion for appointment of counsel, filed *pro se* by petitioner Gary Miller, and it appearing that a district court may appoint counsel to represent an indigent petitioner in a 28 U.S.C. § 2254 proceeding when "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), and that on April 24, 2012 (Doc. 51), the court issued an order denying petitioner's motion to lift the stay of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, which was imposed by order dated March 8, 2011 (Doc. 39), directing that this case shall remain stayed pending completion of the state court litigation under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. § 9541 *et seq.*, see also McKernan v. Varner, 2003 WL 21771738, Civ. A. No. 02-7835, at *1 (E.D. Pa. July 18, 2003) (stating that a state prisoner must exhaust all state court remedies before applying for federal habeas relief), and it appearing that Miller is represented by Mr. William Shreve in his state court PCRA litigation, which remains ongoing (see Doc. 57),[1] it is hereby ORDERED that:

---

[1] The court notes that Miller's PCRA litigation has been ongoing since 2010. In his report recommending that the court stay the instant § 2254 motion pending

`        1.    Miller's motion is DENIED without prejudice to his right to request
              counsel upon completion of the state PCRA litigation, or upon the
              court's excuse of the exhaustion requirement.

         2.   Defendants are hereby ORDERED to file with the court, no later than
              **5:00 p.m., August 9, 2012**, a report apprising the court of the outcome
              of the June 12, 2013 state court hearing on the motion to stipulate to
              exhaustion.

                                          S/ Christopher C. Conner
                                          CHRISTOPHER C. CONNER
                                          United States District Judge

---

exhaustion of state remedies, Magistrate Judge Carlson recognized that there had been some delay in the state court proceedings, but that the courts appeared to now be "diligently pursuing" Mr. Miller's case. (Doc. 37 at 13). Accordingly, the court declined to excuse the exhaustion requirement on the grounds of inordinate delay, but directed that the parties file status reports at 90 day intervals, apprising the court of the status of the PCRA litigation. (See Doc. 39; see also Doc. 37 at 13 (quoting Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir. 1986)). On May 21, 2012, the court denied Mr. Miller's motion to lift the stay, adopting Magistrate Judge Carlson's recommendation that progress in the state courts counseled against lifting the stay. However, that was over a year ago, and this case has been stayed for approximately two and a half years. As the court has been informed in the tenth status report, Mr. Miller, through his new counsel Mr. Shreve, requested argument on a motion to stipulate as to the exhaustion of state remedies, which was to occur on June 14, 2013.

     The court will order counsel for defendants to file a report detailing the outcome of that hearing, so that the court may determine whether it is now appropriate to excuse Mr. Miller from the exhaustion requirement. In the meantime, the court will deny Mr. Miller's motion for counsel, but without prejudice to his right to seek counsel should the PCRA litigation conclude, or the court excuse the exhaustion requirement.